THE RECTOR, CHURCH WARDENS AND VESTRYMEN OF ST. MARK'S CHURCH IN THE VILLAGE OF WESTHAMPTON BEACH, Plaintiffs, *v.* BANKERS TRUST COMPANY, as Executor of WILLIAM C. ATWATER, JR., Deceased, Defendant.

Supreme Court, Special Term, Suffolk County, December 19, 1949.

*John A. O'Keeffe* for plaintiffs.

*White & Case* for defendant.

STODDART, J. Action to recover on a pledge. The evidence shows that William C. Atwater, deceased, was very much interested in St. Mark's Episcopal Church in the village of Westhampton Beach, Long Island. He was a very wealthy man and for several years prior to 1948, he had made substantial gifts to that church. His numerous personal gifts exceeded $59,000. Together with other members of his family, he made additional contributions exceeding $50,000.

In 1948, the governing body of the church decided to erect a new building. Mr. Atwater became the chairman of the building committee and during the spring and summer, he devoted a great deal of time to negotiations with banks, architects and contractors. In May, it developed that the bids for the proposed structure exceeded by many thousands of dollars the amount of money which had been theretofore pledged by the congregation and friends. Some of the officials of the church were in favor of making certain changes and substitutions, but Mr. Atwater was opposed. He promised orally that he would pay $25,000 if the plans were adopted without revision and a mortgage given for a loan of $60,000 to a lending institution with which he had prior negotiations on the subject. Following the promise, the plans were approved and the mortgage was given. Mr. Atwater made the promise on May 30th, and wrote in a letter dated June 3, 1948: " Enclosed is a $5,000 check * * * which reduces my $25,000 pledge to $20,000." Unfortunately Mr. Atwater died on October 5, 1948, and although $4,000 more has been credited to his pledge as a result of a contribution by William C. Atwater & Co., Inc., in his memory, the executor of his estate has declined to pay the balance of $16,000.

The executor, in support of its refusal, relies upon a sentence printed on the bottom of pledge cards which had been signed by many of the contributors. The sentence reads: " It is understood that if the financial circumstances of my life change this pledge can be cancelled on written notice; and that *it shall not be considered binding on my estate.*" (Emphasis supplied.)

This sentence was printed on the cards at the direction of the rector personally. His action was not pursuant to any resolution by the church wardens and vestrymen, nor did the latter formally recognize or approve the limitation of any pledge. A majority of the pledges were oral although it does appear that of 236 contributors, approximately sixty had signed cards containing the above sentence. It appears that Mr. Atwater had once signed a similar card, prior to the pledge involved herein, for the sum of $1,000, which was paid by him.

In view of the fact that Mr. Atwater was undoubtedly well aware of his financial resources, that he persuaded the other officials of the church to approve the structure that he desired instead of the more modest one which they had in mind, that the project was one in which he was deeply interested, that he knew his pledge was the factor which induced approval of the plans adopted, I believe it must be held that Mr. Atwater had no desire or intention of limiting his pledge. There is no question that the defendant is well able to pay the sum in dispute, and its contention, I am certain, does not reflect the thoughts of its testate.

Accordingly, the defendant's motion for judgment is denied and the plaintiffs' motion for judgment in the sum of $16,000 is granted.

Submit judgment on notice.